Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| MARIELY TORRES RIVERA<br><br>Apelada<br><br>v.<br><br>ANABEL BATIZ RIVERA<br><br>Apelante | TA2026AP00247 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Sobre: Desahucio y Cobro de Dinero<br><br>Caso Núm. PO2026CV00274 |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2026.

Comparece ante nos la apelante, Anabel Batiz Rivera (en adelante, apelante o Batiz Rivera), y nos solicita la revisión de la *Sentencia,* emitida y notificada el 3 de marzo de 2026, por el Tribunal de Primera Instancia, Sala de Ponce. Mediante esta, el Foro Primario declaró *Ha Lugar* la demanda de desahucio presentada en su contra.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**I**

El 26 de enero de 2026 la apelada, Marielys Torres Rivera (en adelante, apelada o Torres Rivera), presentó una *Demanda* de desahucio en contra de la señora Batiz Rivera.[1] En síntesis, alegó que era dueña de una propiedad ubicada en el Barrio Tallaboa Alta II, en Peñuelas, Puerto Rico. Señaló que, sobre dicho inmueble, se construyó una edificación para fines residenciales, la cual fue objeto de un *Contrato de Arrendamiento* firmado por las partes de epígrafe

---

[1] Apéndice del recurso, Entrada Núm. 1

el 7 de junio de 2023. Explicó que, conforme al referido contrato, la apelante arrendó la propiedad por un término de cinco (5) años, por un canon de doscientos dólares ($200.00) mensuales. No obstante, adujo que, desde el mes de agosto de 2024, la señora Batiz Rivera había incumplido con el pago pactado, por lo que adeudaba tres mil seiscientos dólares ($3,600.00). En consecuencia, la señora Torres Rivera solicitó que se ordenara el desahucio y desalojo de la apelante del inmueble en controversia, al igual que se le condenara al pago de la referida cantidad. Además, peticionó que se le ordenara satisfacer las costas y gastos del litigio, así como dos mil dólares ($2,000.00) por concepto de honorarios de abogados.

Posteriormente, el 6 de febrero de 2026, el Tribunal de Primera Instancia notificó una *Orden*, mediante la cual señaló el juicio en su fondo por videoconferencia para el 25 de febrero de 2026, a las 10:30am.[2] Por igual, el Foro *a quo* ordenó el diligenciamiento del *Emplazamiento y Citación por Desahucio*, junto a una copia del referido dictamen. En lo pertinente, el Foro Primario explicó que la vista estaría regulada por las *Guías Generales para Uso del Sistema de Videoconferencia en los Tribunales del Estado Libre Asociado de Puerto Rico*, emitidas por el Director Administrativo de Tribunales, el Hon. Sigfrido Steidel Figueroa, mediante la Circular Núm. 18 del 13 de marzo de 2020. Igualmente, el Foro de Instancia indicó lo siguiente:

> De tener cualquier dificultad técnica o pregunta, deberán comunicarse al Tribunal de Primera Instancia, Sala Superior de Yauco en Sabana Grande al (787) 856-1365 Ext. 2001 o comunicarse con la línea de apoyo de la Oficina de Educación y Relaciones de la Comunidad de la Oficina de Administración de los Tribunales al (787) 641-6962.[3]

Así las cosas, el 10 de febrero de 2026, la apelada presentó una *Moción Informativa,* mediante la cual notificó el diligenciamiento

---

[2] *Íd.*, Entrada Núm. 3.
[3] *Íd.*, Entrada Núm. 3, pág. 2.

del emplazamiento, junto a una copia de la *Orden* del 6 de febrero de 2026.[4]

Posteriormente, el 24 de febrero de 2026, la apelante, por conducto de su representación legal, presentó una *Moción Solicitando Prórroga para Contestar*.[5] En su escrito, informó que la apelante fue cualificada para recibir representación legal a través del programa Pro Bono, Inc. Sostuvo que para poder contestar la demanda, le requirió a la apelante prueba para sustentar su alegación responsiva. Planteó que no le era posible contestar adecuadamente la demanda por el poco tiempo con el cual contaba para la presentación de la misma. A tenor con lo expuesto, solicitó un término adicional para contestar la demanda.

Al día siguiente, el 25 de febrero de 2026, se celebró, por videoconferencia, el juicio en su fondo.[6] Surge de la *Minuta* de los procedimientos que ni la apelante ni su representación legal comparecieron. El Foro Primario reconoció que la apelante había presentado el día anterior una solicitud de prórroga para contestar la demanda. Ahora bien, se corroboró con el alguacil de sala que no se había recibido ninguna comunicación por parte de la representación legal de la apelante ni se había presentado en la sala. En consecuencia, y a solicitud de la apelada, el Foro *a quo* le anotó la rebeldía a la señora Batiz Rivera, ante la incomparecencia y la falta de excusa o razón para la misma. Se procedió, entonces, a tomarle el juramento a la señora Torres Rivera y se admitió en evidencia el contrato de arrendamiento suscrito entre las partes.

Luego de evaluada la prueba presentada, el 3 de marzo de 2026, el Tribunal de Primera Instancia emitió la *Sentencia* apelada.[7] En su dictamen, el Foro *a quo* hizo constar que la apelante no

---

[4] SUMAC del Tribunal de Primera Instancia, Entrada Núm. 7.
[5] Apéndice del recurso, Entrada Núm. 8.
[6] *Íd.*, Entrada Núm. 9.
[7] *Íd.*, Entrada Núm. 11.

solicitó la transferencia de la vista, ni adujo justa causa por la cual dicho Foro debía concederle la prórroga solicitada para contestar la demanda. Además, determinó que la petición incumplió con lo dispuesto en las Reglas 8.5 y 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.5 y 68.2. Por ello, el Foro Primario concluyó que no se le puso en condiciones para decretar la suspensión de la vista.

De este modo, aquilatada la evidencia presentada en el juicio, el Foro de Instancia declaró *Ha Lugar* la demanda de desahucio y ordenó a la apelante satisfacer el pago de tres mil seiscientos dólares ($3,600.00) por concepto de cánones de arrendamiento vencidos y no pagados. Además, condenó a la apelante al pago de costas y gastos del litigio, así como a quinientos dólares ($500.00) por concepto de honorarios de abogado. Por igual, impuso una fianza de seiscientos dólares ($600.00) para interponer su recurso de apelación ante nos.

Inconforme, el 9 de marzo de 2026, la apelante presentó el recurso de epígrafe. En el mismo, señaló la comisión de los siguientes errores:

> Erró el Tribunal *a quo* al privarle a la parte apelante su día en corte y debido proceso por falta de envío de enlace a la videoconferencia.
>
> Erró el Tribunal *a quo* al anotarle la rebeldía y privarle a la parte apelante su derecho a confrontar, contrainterrogar y refutar evidencia por ser un proceso sumario.
>
> Erró el Tribunal *a quo* al determinar que la moción presentada un día antes de la vista por la parte apelante solicitando prórroga para contestar la demanda no controvirtió el título, sin poder darle la oportunidad de plantear la ausencia de parte indispensable.
>
> Erró el Tribunal *a quo* al no darle la oportunidad a la parte apelante alegar falta de legitimación activa ante la falta de título o derecho posesorio de la demandante.
>
> Erró el Tribunal *a quo* al no darle la oportunidad a la parte apelante poder ventilar las controversias de titularidad en un procedimiento ordinario.
>
> Erró el Tribunal *a quo*, al no considerar la moción presentada por la parte apelante el 24 de febrero de 2026 solicitando prórroga para contestar y hacer una mera referencia aduciendo como fundamento "que la

parte apelante no indicó el término impetrado, tampoco solicitó transferencia de la vista de la parte demandada adujo justa causa para la solicitud de prórroga, así como tampoco el plazo que estaba impetrando, aun cuando tenía conocimiento de que se encontraba ante un procedimiento sumario, sin resolvera [sic]".

Erró el Tribunal *a quo* al imponerle el pago jurisdiccional de una fianza de $600.00 a la apelante para poder recurrir en apelación de la sentencia de desahucio sin considerar la certificación de indigencia hecha por el Programa Pro-Bono, inc., servicios voluntarios del colegio de abogados.

Erró el Tribunal *a quo*, al declarar con lugar, la acción de cobro de los cánones de arrendamiento adeudados y de honorarios excesivos.

En igual fecha, la apelante presentó ante nos una petición de *Auxilio [de] Jurisdicción*, en la cual solicitó la paralización de los procedimientos ante el Tribunal de Primera Instancia. Evaluada la petición, mediante *Resolución* del 9 de marzo de 2026, declaramos *No Ha Lugar* la solicitud.

Por su parte, el 12 de marzo de 2026, la apelada presentó su *Alegato [de la] Parte Apelada*. Siendo así, y con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II

### A

La acción de *desahucio* es un procedimiento especial de carácter sumario y restitutorio de la posesión de un bien inmueble, en virtud del cual se provee para el lanzamiento de quien la detenta ilegalmente. Su finalidad es atender con premura la reclamación el dueño de un inmueble cuyo derecho a poseer y a disfrutar del mismo ha sido interrumpido. *Markovic v. Meldon*, 2025 TSPR 99, 216 DPR ___ (2025); *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018); *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016). A tal efecto, el Artículo 620 del Código de Enjuiciamiento Civil, reza como sigue:

Tienen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados, los usufructuarios

o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes.

32 LPRA sec. 2821.

Por su parte, el Artículo 621 del Código de Enjuiciamiento Civil, 31 LPRA sec. 2822, expresa que:

[p]rocederá el desahucio contra los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas puestos por el propietario de sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna.

La acción de desahucio no dirime titularidad, sino quién tiene mejor derecho a poseer. *Markovic v. Meldon,* supra; *C.R.U.V. v. Román,* 100 DPR 318, 321 (1971).

En lo aquí pertinente, la persona perjudicada por una orden de desahucio podrá apelar la determinación de que trate dentro del término jurisdiccional de cinco (5) días. *ATPR v. SLG Volmar-Mathieum,* supra, pág. 10. Ahora bien, en todo caso de desahucio el demandado está obligado a prestar una fianza como requisito *sine qua non* para presentar un recurso de apelación respecto a la sentencia emitida en su contra. 32 LPRA sec. 2832; *Crespo Quiñones v. Santiago Velázquez,* 176 DPR 408, 413 (2009). Esta exigencia tiene un propósito dual: mientras sirve a manera de garantía por los pagos adeudados, ello de ser tal el hecho que motivó la presentación de la demanda pertinente, también cubre los daños que pudieran resultar al sustraer la propiedad en disputa del tráfico jurídico mientras se dilucida la gestión apelativa. *Crespo Quiñones v. Santiago Velázquez,* supra, págs. 413-414. En específico, la referida disposición lee como sigue:

No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o

consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia.

32 LPRA sec. 2832.

La interpretación doctrinal del antedicho precepto reconoce que el requisito aquí en cuestión es uno de carácter jurisdiccional en todo tipo de desahucio, aún si la acción no se fundare en falta de pago. Siendo así, su inobservancia tiene el efecto inmediato de privar al tribunal revisor de autoridad para entender sobre el asunto. *Markovic v. Meldon*, supra; *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 414; *Blanes v. Valdejulli*, 73 DPR 2, 6 (1952). Por igual, la fianza de la que trate y, en su caso, la correspondiente consignación, tienen que presentarse dentro del término de cinco (5) días dispuesto para apelar. 32 LPRA sec. 2831. No obstante lo anterior, en los casos en que la insolvencia económica del demandado haya quedado establecida por un tribunal competente, este está exento de cumplir con el pago de la fianza. *Markovic v. Meldon*, supra. Lo anterior obedece a la premisa cardinal de garantizar el acceso a la maquinaria judicial de los litigantes indigentes. *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 414; *Bucaré Management v. Arriaga García*, 125 DPR 153, 158 (1990).

Del mismo modo, la *Ley para Eximir de Toda Clase de Aranceles a la Corporación de Servicios Legales de Puerto Rico y otras Entidades Análogas*, Ley Núm. 122 de 9 de junio de 1967, según enmendada, 32 LPRA sec. 1500 *et seq.,* exime del pago de toda clase de derechos, aranceles, contribuciones o impuestos provistos para la tramitación de los casos judicialmente, a toda aquella entidad sin fines de lucro cuya función estriba en ofrecer servicios legales a personas indigentes. Como corolario de lo anterior, se considera que una persona está exenta de presentar la referida fianza, en procedimientos de desahucio, cuando esta ha sido cualificada para ser representada por una entidad que se dedica a brindar asistencia

legal gratuita a personas indigentes. *Reyes Santaella v. Toledo Santana,* 2025 TSPR 76, 216 DPR ___ (2025) (Sentencia).

Por último, conforme dispone el Artículo 623 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2824, un pleito de desahucio se promoverá mediante una demanda que cumpla con los prescrito en prescrito en las Reglas de Procedimiento Civil, *supra. Reyes Santaella v. Toledo Santana,* supra.

**B**

Cónsono con lo estatuido en la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, procede una anotación de rebeldía cuando una parte contra la cual se ha solicitado una sentencia que conceda algún remedio afirmativo, deje de presentar la correspondiente alegación o de defenderse en otra forma. *Martínez v. Inst. Cardiopulmonar,* 213 DPR 221, 228 (2023). En nuestro sistema de ley, la rebeldía se concibe como la posición procesal que asume aquella parte que, tras ser requerido judicialmente, opta por no ejercitar su derecho a defenderse. R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil,* Lexis Nexis de Puerto Rico, Inc., 6ta Edición, 2017, pág. 327.

En caso de la incomparecencia del promovido de una acción, la anotación de rebeldía sirve como método disuasivo contra aquellos cuya estrategia de litigación sea la dilación de los procedimientos. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Ed. Luiggi Abraham, 2000, T. II, pág. 750. En esencia, el trámite de rebeldía encuentra su fundamento en el deber de los tribunales de evitar que la disposición de las causas se vea detenida sólo porque una de las partes opte por obstruir su debida tramitación. *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 814-815 (1978). De este modo, este mecanismo funciona a manera de sanción contra aquel adversario a quien se le dio la oportunidad de refutar la conducta que se le imputó y cuya decisión fue no

defenderse. *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 101 (2002). Por tanto, y dado a que tal actuación no puede incidir en el derecho del promovente de la acción, la anotación de rebeldía tiene como consecuencia principal que se den por admitidos y bien alegados los hechos en la demanda, procediendo entonces que el tribunal competente dicte la correspondiente sentencia. *Rodríguez Gómez v. Multinational Ins.,* 207 DPR 540, 554 (2021); *Ocasio v. Kelly Servs.,* 163 DPR 653, 671 (2005); *Álamo v. Supermercado Grande, Inc.*, supra, pág. 101.

**C**

Por otra parte, la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2, le confiere discreción al tribunal para prorrogar o reducir los términos aplicables. En específico, la referida Regla dispone lo siguiente:

> Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a justa causa, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2 todas, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas.

Ahora bien, la Regla 6.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.6, establece los requisitos que debe cumplir una petición de prórroga. En específico, la aludida Regla dispone:

> Toda solicitud de prórroga deberá acreditar la existencia de justa causa con explicaciones concretas debidamente fundamentadas. Cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme lo establece la Regla 68.2. El término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita.

Por otro lado, y en lo pertinente a una solicitud de transferencia de vista, la Regla 8.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.5, exige lo siguiente:

> Toda moción de suspensión o de transferencia de vista antes del juicio se hará por escrito y expondrá los fundamentos para tal solicitud. Sólo podrá formularse una solicitud de suspensión verbalmente el día de la vista, fundada en circunstancias extraordinarias no anticipables y fuera del control de las partes o de sus abogados o abogadas. Será deber de la parte que haga tal solicitud sugerir al menos tres fechas para el nuevo señalamiento, después de haber verificado que la parte contraria no tenga conflicto respecto a las fechas sugeridas.

> Cualquier estipulación para suspender una vista requerirá la aprobación del juez o jueza que preside la sala.

**D**

A los fines de brindar mayor acceso a las poblaciones vulnerables, así como de optimizar el manejo de los asuntos que se ventilan ante los tribunales en todas las regiones judiciales, mediante una Circular Núm. 18, aprobada por el Director Administrativo de Tribunales, el Hon. Sigfrido Steidel Figueroa, el 13 de marzo de 2020, se adoptaron las *Guías Generales para el uso del Sistema de Videoconferencia en los Tribunales del Estado Libre Asociado de Puerto Rico* (en adelante, Guías Generales). Las mismas tienen el propósito de uniformar los procesos en los cuales se utiliza el mecanismo de videoconferencia.

En lo pertinente a lo que nos ocupa, la Sección XV de estas *Guías Generales* regulan el procedimiento para atender las dificultades técnicas que puedan surgir al utilizar esta herramienta. A esos fines, se esboza que será la Directoría de Informática de la Oficina de Administración de Tribunales (en adelante, OAT) quien estará a cargo, en primera instancia, de ofrecer el apoyo necesario. Asimismo, las *Guías Generales* disponen que los usuarios de esta

herramienta deberán comunicarse con el Centro de Servicios de Información de la OAT al (787) 641-6225.[8]

**E**

Finalmente, sabido es que "la tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada [...]". *Peña Rivera v. Pacheco Caraballo, 213 DPR 1009, 1024 (2024); Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778 (2022); *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 792 (2020), citando a *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013). De ahí que las determinaciones de credibilidad que realiza el tribunal primario están revestidas de una presunción de corrección, razón por la cual, en este aspecto, gozan de un amplio margen de deferencia por parte del foro intermedio. *Dávila Nieves v. Meléndez Marín,* supra, pág. 770. Asimismo, como norma, un tribunal apelativo está impedido de sustituir o descartar, por sus propias apreciaciones, las determinaciones de hechos que realiza el foro sentenciador, fundamentando su proceder en un examen del expediente sometido a su escrutinio. *Íd.,* pág. 772.

De ordinario, el Tribunal de Primera Instancia es quien está en mejor posición para aquilatar la prueba testifical que ante sí se presentare, puesto que es quien oye y observa declarar a los testigos. *Peña Rivera v. Pacheco Caraballo,* supra, pág. 1025 (2024); *Ortiz Ortiz v. Medtronic,* supra, págs. 778-779*; Gómez Márquez et al. v. El Oriental,* supra, pág. 792; *López v. Dr. Cañizares,* 163 DPR 119, 136 (2004). En este contexto, el juzgador de hechos goza de preeminencia al poder apreciar sus gestos, contradicciones, manierismos, dudas y vacilaciones, oportunidad que le permite formar en su conciencia la convicción de si dicen, o no, la verdad.

---

[8] *Véase,* Guías Generales para el uso del Sistema de Videoconferencia en los Tribunales del Estado Libre Asociado de Puerto Rico, Sección XV, pág. 64.

Ahora bien, la normativa antes expuesta no es de carácter absoluto. Si bien el arbitrio del foro primario es respetable, sus dictámenes están sujetos a que los mismos se emitan conforme a los principios de legalidad y justicia. *Méndez v. Morales*, 142 DPR 26, 36 (1996). Al amparo de ello, el ordenamiento jurídico vigente dicta que el criterio de deferencia antes aludido cede, entre otras instancias, cuando se determina que el juzgador de hechos incurrió en pasión, prejuicio, parcialidad o error manifiesto. *Gómez Márquez et al. v. El Oriental,* supra, pág. 793.

Por otra parte, y en vista de que toda sentencia o determinación judicial está protegida por una presunción de corrección y validez, la parte que acude al auxilio del tribunal apelativo, tiene el deber de colocar a dicho foro en condiciones suficientes para que pueda conceder el remedio solicitado. *Morán v. Marti,* 165 DPR 356, 366 (2005). Por tanto, para poder atender en los méritos los argumentos de su recurso, el promovente del mismo no sólo debe discutir a cabalidad los señalamientos alegados, sino, también, acompañarlo con la prueba necesaria para demostrar el error o el abuso de discreción invocado. *Íd.* Sobre ello, la Regla 19 de nuestro Reglamento dispone:

> (A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba
> [...]
>
> Regla 19 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 37, 216 DPR __ (2025).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha dispuesto que la importancia de que la parte apelante en un caso civil, que señala la comisión de un error relacionado a la apreciación

o la suficiencia de la prueba, cumpla con este requisito radica en lo siguiente:

> "[S]i la parte apelante no reproduce la prueba oral el tribunal apelativo no podrá cumplir cabalmente su función revisora. Esto, pues sin la reproducción de la prueba oral, los tribunales apelativos no podrán evaluar si las determinaciones de hechos del juzgador se basaron en pasión, perjuicio, parcialidad o error manifiesto".

*Rivera Lamberty v. Rodríguez Amador*, 205 DPR 194, 200-201 (2020).

En ausencia de alguno de los mecanismos de prueba antes indicados, los tribunales de mayor jerarquía no pueden cumplir a cabalidad la función revisora que les asiste. *Íd.* Así pues, si la parte apelante no coloca al tribunal intermedio en la posición de ponderar y adjudicar los errores señalados, procede la desestimación del recurso que atiende o la confirmación del dictamen apelado. Bajo estas circunstancias y en lo aquí pertinente, en ausencia de la trascripción de la prueba testimonial, el tribunal intermedio sólo revisará la comisión de un error de derecho cuando este claramente se desprenda del expediente apelativo. *Santos Green v. Cruz,* 100 DPR 9, 15 (1971).

**III**

Por incidir directamente sobre nuestra jurisdicción, atendemos en primer lugar el señalamiento de error relativo a la imposición de la fianza. La apelante sostiene que el Tribunal de Primera Instancia erró al exigirle el pago de seiscientos dólares ($600.00) como requisito para acudir ante este Foro. Conforme al marco doctrinal antes detallado, una parte que ha sido cualificada para recibir representación legal mediante una entidad que ofrece servicios gratuitos a personas indigentes queda exenta de prestar fianza.

Del expediente ante nos surge que la apelante está representada por el programa Pro Bono, Inc.,[9] y que se presentó *Certificación* acreditativa de que su representación legal forma parte del panel de abogados voluntarios de dicha entidad.[10] Ello evidencia su cualificación como persona indigente para efectos procesales. Por tanto, concluimos que el Tribunal de Primera Instancia incidió al imponer la fianza, por lo que procede eximir a la apelante de dicho requisito y, en consecuencia, ostentamos jurisdicción para entender sobre los restantes señalamientos de error.

En cuanto a la anotación de rebeldía, la apelante aduce que no compareció a la vista señalada, por videoconferencia, por no haber recibido el enlace correspondiente. A tales efectos, plantea que intentó comunicarse a varios números de teléfono para notificar el asunto, pero no recibió respuesta de ninguno. Arguye que, al no facilitarle el enlace en cuestión, el Foro apelado violentó su derecho a un debido proceso de ley.

No obstante, del expediente se desprende que el Tribunal de Primera Instancia proveyó instrucciones específicas para atender cualquier dificultad técnica. En la *Orden* del 6 de febrero de 2026, el Foro *a quo* especificó que de enfrentar problemas técnicos relacionados a dicha vista la parte debía comunicarse al **(787) 856-1365 Ext. 2001** o al **(787) 641-6962**. Además, en las *Guías Generales* se establece que, de enfrentar dificultades con la tecnología en cuestión, las partes debían llamar al **(787) 641-6225**. Sin embargo, no emana de los documentos ante nos que la apelante se hubiese comunicado con alguno de estos números, sino que esta

---

[9] Pro Bono, Inc., es una corporación sin fines de lucro, creada en el 1981 por el Colegio de Abogados de Puerto Rico. Su propósito es "ofrecer servicios legales gratuitos a personas indigentes en el área civil y administrativo del derecho... Los fondos para financiar las operaciones del Programa provienen mayormente de aportaciones anuales de Servicios Legales de Puerto Rico, fondos asignados por la Legislatura y el Gobierno de Puerto Rico, del Departamento de Justicia y del Colegio de Abogados de Puerto Rico." *Véase*, Pro-Bono, Inc., https://www.probonopr.org/quienes-somos/, (última visita, 29 de abril de 2026).
[10] *Véase*, Apéndice del recurso, Entrada Núm. 8, Anejo 1.

señaló haber llamado al **(787) 841-1510**, al **(787)-873-290**, así como a un contacto que identificó como *SUMAC*.[11] Por tanto, la apelante no cumplió con las directrices establecidas ni por el Tribunal de Primera Instancia, ni las *Guías Generales* para notificar la alegada falta de enlace para conectarse a la vista. Ante este cuadro, el Foro Primario tenía ante sí una parte que no compareció, ni observó los protocolos pertinentes. Por ello, es nuestra apreciación que el Foro *a quo* no erró al anotar la rebeldía y continuar los procedimientos en su ausencia.

Por otra parte, la apelante sostiene que el Foro apelado incidió al no tomar en consideración la solicitud de prórroga presentada por esta el día antes del juicio. Sin embargo, la concesión de prórrogas es materia confiada a la sana discreción judicial. Además, las Reglas de Procedimiento Civil, *supra*, requieren que quien la solicita establezca justa causa y precise el término adicional necesario. En este caso, no surge del expediente que la apelante cumpliera con tales exigencias, ni que presentara una justificación que nos lleve a intervenir con la interpretación del Foro de Instancia. Siendo así, en virtud de que se trata de un asunto discrecional, y en ausencia de un claro abuso de dicha facultad, concluimos que el Foro *a quo* no cometió el error señalado.

Por último, en lo concerniente al señalamiento relativo a la procedencia del desahucio, la apelante intenta introducir ante este Foro evidencia que no fue presentada ante el Tribunal de Primera Instancia, lo cual resulta improcedente. Nuestra revisión se circunscribe al expediente que el Foro Primario tuvo ante su consideración. A base de este, se desprende que el Tribunal de Primera Instancia contó con prueba suficiente, incluyendo el testimonio de la señora Torres Rivera y el contrato de arrendamiento

---

[11] *Véase,* Auxilio de Jurisdicción, Anejo titulado *Desglose [de] Llamadas Telefónicas.*

suscrito entre las partes. De este modo, una evaluación integral del contenido del expediente mueve nuestro criterio a concluir que las determinaciones de hechos emitidas por el Foro *a quo* están debidamente sustentadas por la prueba sometida a su consideración. A su vez, al no presentar ante nos la transcripción de los procedimientos, la señora Batiz Rivera no nos puso en condiciones de intimar sobre si el Tribunal Primario se apartó de los límites impuestos a su ministerio. En consecuencia, y en ausencia de error, prejuicio, parcialidad o abuso de discreción por parte del Foro de Instancia, las determinaciones hechas por este son merecedoras de deferencia por esta Curia, por lo que sostenemos el dictamen apelado.

Siendo así, y en virtud de lo antes expuesto, modificamos la *Sentencia* apelada a los únicos efectos de dejar sin efecto la imposición de la fianza, y confirmamos al Tribunal de Primera Instancia en todo lo demás, por ser cónsona con el derecho aplicable y la prueba que tuvo ante sí.

## IV

Por los fundamentos antes esbozados, se deja sin efecto la fianza impuesta por el Tribunal de Primera Instancia, y se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones